UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
ALKALI SCIENTIFIC LLC,

                Plaintiff,

    -against-                                **ORDER**
                                          22-CV-6469 (MKB) (TAM)

AX CAPITAL, INC., et al.,

                Defendants.
-----------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

        On March 19, 2024, the Clerk of Court entered a default judgment against Defendant Ax Capital in the amount of $2,327,351.99 on Plaintiff's breach of contract claim. (*See* Default J., ECF No. 30.) On June 14, 2024, Plaintiff filed a motion to compel responses to information subpoenas, requesting that the Court order Defendants Ax Capital, Inc. and Keith Xu to respond to information subpoenas issued to them. (*See* Notice of Mot., ECF No. 31; Mem. of Law in Supp., ECF No. 31-1, at 4.) For the reasons discussed herein, Plaintiff's motion to compel is granted.

## BACKGROUND

        Plaintiff mailed information subpoenas to Defendants on May 29, 2024, by certified mail with return receipts requested. (Mem. of Law in Supp., ECF No. 31-1, at 1; Pey Decl., ECF No. 31-2, ¶ 1.) The return receipts indicate that the information subpoena to Defendant Ax Capital was delivered on June 3, 2024, and that the information subpoena for Defendant Xu was delivered on June 1, 2024. (Mem. of Law in Supp., ECF No. 31-1, at 1–2; Pey Decl., ECF No. 31-2, ¶ 5.) Defendants have not appeared or filed a response to Plaintiff's motion, despite being served with the motion papers on June 14, 2024. (Mem. of Law in Supp., ECF No. 31-1, at 2; Pey Decl., ECF No.

31-2, ¶ 6; Certificate of Serv., ECF No. 31-3.) As stated above, Plaintiff filed a motion to compel on June 14, 2024. (Notice of Mot., ECF No. 31.) On July 29, 2024, Plaintiff filed a letter reiterating its request for a motion to compel. (Letter, ECF No. 32.)

## DISCUSSION

### I. Legal Standards

Rule 69 of the Federal Rules of Civil Procedure provides that "a party that obtains a money judgment in a federal district court may enforce that judgment in accordance with the procedure of the state in which the court is located." *Plaza Motors of Brooklyn, Inc. v. Rivera*, No. 19-CV-6336 (LDH) (RLM), 2021 WL 4356011, at *2 (E.D.N.Y. Sept. 24, 2021) (citing Fed. R. Civ. P. 69(a)(1)). New York state law permits a judgment creditor to "compel disclosure of all matter relevant to the satisfaction of the judgment[] by serving upon any person a subpoena." N.Y. C.P.L.R. § 5223; *see also Jones v. Milk River Cafe, LLC*, No. 17-CV-3120 (TAM), 2022 WL 3300027, at *3–4 (E.D.N.Y. Aug. 11, 2022).

State law provides that an information subpoena must be "accompanied by a copy and original of written questions and a prepaid, addressed return envelope" and may be served "by registered or certified mail, return receipt requested." N.Y. C.P.L.R. § 5224(a)(3). An individual other than the judgment debtor may be served with an information subpoena "only if the judgment creditor or the judgment creditor's attorney has a reasonable belief that the party receiving the subpoena has in their possession information about the debtor that will assist the creditor in collecting his or her judgment." *Id.* § 5224(a)(3)(i); *see also Wagner v. Chiari & Ilecki, LLP*, 973 F.3d 154, 157 (2d Cir. 2020). Any subpoena served upon an individual other than the judgment debtor must include a certification of compliance with both the Civil Practice Law and Rules and the General Business Law. *Id.* § 5224(a)(3)(i); *Giuliano v. N.B. Marble Granite*,

2

No. 11-MC-753 (JG) (VMS), 2014 WL 2805100, at *4 (E.D.N.Y. June 20, 2014). "If the recipient of an information subpoena fails to respond within seven days, N.Y. C.P.L.R. § 2308(b)(1) allows a court to order compliance." *Fed. Ins. Co. v. CAC of NY, Inc.*, No. 14-CV-4132 (DRH) (SIL), 2015 WL 5190850, at *2 (E.D.N.Y. Sept. 4, 2015).

## II. Analysis

Here, Plaintiff is a judgment creditor and therefore entitled to seek information "relevant to the satisfaction of the judgment" entered against Defendant Ax Capital. Plaintiff served information subpoenas to both Defendant Ax Capital, the judgment debtor, and Keith Xu, who is not a judgment debtor. (Pey Decl., ECF No. 31-2, ¶ 1.) Plaintiff sent both subpoenas via certified mail, return receipt requested, and included within the mailings an original and copy of the questions as well as prepaid and addressed return envelopes. (*Id.* ¶¶ 1, 4.) Accordingly, Plaintiff has satisfied the requirements of section 5224(a)(3) as to both Defendants.

Because Defendant Xu is not the judgment debtor, Plaintiff is only entitled to seek an information subpoena from him if it "has a reasonable belief that [Xu] has in [his] possession information about the debtor that will assist" Plaintiff in collecting the judgment. *See* N.Y. C.P.L.R. § 5224(a)(3)(i). Plaintiff must also include the certification required by section 5524(a)(3)(i) in the information subpoena. Plaintiff alleged in its complaint that Defendant Xu is, upon information and belief, "a manager and/or owner" of Defendant Ax Capital. Such allegation forms a reasonable basis for Plaintiff to believe that Defendant Xu will have relevant information. *See, e.g., Buffalo Laborers Welfare Fund v. Signal Const. Co.*, No. 06-CV-400A (RJA), 2011 WL 5040664, at *3 (W.D.N.Y. Oct. 24, 2011) (finding that a "reasonable basis" existed where the person from whom information was sought and the judgment debtor "had an office address and an office telephone number in common" and there was "some indication" that they

3

had "shared management and finances in the past"). Plaintiff included the certification required by section 5224(a)(3)(i) in its information subpoena to Defendant Xu. (Pey Decl. Ex. B, ECF No. 31-2, at ECF pp. 18–20.) Therefore, Plaintiff has satisfied the requirements of section 5524(a)(3)(i) for Defendant Xu.

As the information subpoenas were delivered by June 3, 2024, Defendants have failed to respond within seven days, and the Court may order compliance. (*See* Pey Decl., ECF No. 31-2, ¶ 5.) *See also Fed. Ins. Co.*, 2015 WL 5190850, at *2.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel is granted, and Defendants Ax Capital, Inc., and Keith Xu are ordered to respond to the information subpoena. Plaintiff is directed to serve a copy of this Order and the information subpoena on Defendants and file proof of same on ECF by **August 16, 2024**. Defendants Ax Capital, Inc., and Keith Xu shall respond to the information subpoena by **September 6, 2024**.

SO ORDERED.

Dated: Brooklyn, New York
August 9, 2024

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE